IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDUARDO ABREGO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2443-D |
| | § | |
| WASTE MANAGEMENT OF TEXAS, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Eduardo Abrego has filed a motion to compel discovery responses in this race, national origin, and age discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* At issue are the personnel files of 10 employees and portions of the personnel files of three supervisors who were involved in the decision to terminate plaintiff. Defendant objects to producing the personnel files of other employees who are not "similarly situated" to plaintiff, and maintains that there are no relevant documents in the personnel files of the supervisors. The parties have briefed their respective positions in a joint status report filed on June 22, 2012, and the motion is ripe for determination.

"Exercising broad discretion in matters of discovery, trial Courts consistently allow discovery of personnel files in light of the importance of establishing pretext in discrimination cases." *Green v. Nicholson Mfg. Co.*, No. 9:04-CV-227, 2005 WL 5959605 at *3 (E.D. Tex. Sept. 22, 2005) (citing cases). In investigating a particular claim of discrimination, the most intense examination will naturally focus on the relevant employment section or group of employees most like plaintiff. *Id.;*

*see also EEOC v. Packard Elec. Div., General Motors Corp.*, 569 F.2d 315, 318 (5th Cir. 1978). Here, plaintiff represents that each of the 10 employees were employed in the same position as him, worked in the same location as him, and reported to the same supervisors as him. (*See* Jt. Stat. Rep. at 4). Defendant does not take issue with that representation. Instead, it maintains that none of the employees were treated less favorably than plaintiff because, like plaintiff, all were terminated. (*Id.* at 6). With respect to any employees who arguably are similarly situated to plaintiff, defendant asks the court to conduct an *in camera* review of their personnel files to determine whether any relevant documents exist. (*Id.* at 7).

Based on plaintiff's representation, the court determines that the personnel files of the 10 employees should be produced, subject to an appropriate protective order.[1] An *in camera* review is neither required nor necessary. As for the personnel files of the supervisors involved in the decision to terminate plaintiff, defendant represents that none of the files contain: (1) the reasons for plaintiff's termination; (2) any complaints of harassment or retaliation by plaintiff or any other Waste Management employee; (3) any discipline received by the supervisor in response to complaints of discrimination or retaliation; or (4) any discipline received by the supervisor for failure to properly investigate or respond to complaints of discrimination or retaliation. (*See id.* at 9). In view of this representation, defendant shall supplement its response to Request No. 6, as limited by plaintiff, to indicate that no responsive documents exist.

## CONCLUSION

For these reasons, plaintiff's motion to compel discovery responses [Doc. #17] is granted in part and denied in part. The motion is granted to the extent plaintiff seeks the personnel files of

---

[1] The parties have agreed to enter into an Agreed Protective Order to the extent the personnel files are produced. (*See* Jt. Stat. Rep. at 2).

Corey Bell, Rodney Moore, Rodney Weatherly, Richard Lusk, Derryke Sumlin, Scott Barrett, Jose Hernandez, Ramiro Hernandez, Antwon Newsome, and Hector Valdez. Defendant shall produce these personnel files to plaintiff, subject to an Agreed Protective Order to be negotiated by the parties, by **July 10, 2012.** The motion is denied to the extent plaintiff seeks the personnel files of Chuck Mehlhorn, Louis Ramirez, and Richard Baker. However, defendant shall supplement its response to Request No. 6, as limited by plaintiff, to indicate that no responsive documents exist.

SO ORDERED.

DATED: June 26, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE